# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUADALUPE S. RODRIGUEZ, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MYLOR FINANCIAL; BANK OF AMERICA; STINSON FINANCIAL GROUP; LAURA STEFFEN, an individual; DOES 1-20,<br><br>Defendants. | CASE NO. 10cv293 WQH (WVG)<br><br>**ORDER** |

HAYES, Judge:

On February 5, 2010, Plaintiff initiated this action by filing a complaint. (Doc. # 1). To date, Plaintiff has not filed proof of service as to Defendants Mylor Financial, Stinson Financial Group, Inc., or Laura Steffen. Federal Rule of Civil Procedure 4 requires that a summons and complaint be served "within 120 days after the filing of the complaint." Fed. R. Civ. P. 4(m). If a plaintiff fails to serve the summons and complaint within 120 days, the court may dismiss the action without prejudice after notice to the plaintiff. *See id.*

On June 24, 2010, the Court issued an Order to Show Cause which stated in part:

> This Order constitutes notice to Plaintiff that the Court will dismiss this action without prejudice as to Defendants Mylor Financial, Stinson Financial Group, Inc., or Laura Steffen on or after **July 12, 2010**, unless, no later than that date, Plaintiff files either: (1) proof of service of the summons and the Complaint as to these Defendants; or (2) a declaration under penalty of perjury showing good cause for failure to timely serve these Defendants, accompanied by a motion for

Ex Parte Motion for Leave to Amend on or before Monday, July 5, 2010." (Doc. # 7). To date, no opposition has been filed.

To date, Plaintiff has not filed proof of service as to Mylor Financial, Stinson Financial Group, Inc., or Laura Steffen. On June 24, 2010, the Court issued an Order to Show Cause which stated in part:

> Federal Rule of Civil Procedure 4 requires that a summons and complaint be served "within 120 days after the filing of the complaint." Fed. R. Civ. P. 4(m). If a plaintiff fails to serve the summons and complaint within 120 days, the court may dismiss the action without prejudice after notice to the plaintiff. *See id.*
>
> This Order constitutes notice to Plaintiff that the Court will dismiss this action without prejudice as to Defendants Mylor Financial, Stinson Financial Group, Inc., or Laura Steffen on or after **July 12, 2010**, unless, no later than that date, Plaintiff files either: (1) proof of service of the summons and the Complaint as to these Defendants; or (2) a declaration under penalty of perjury showing good cause for failure to timely serve these Defendants, accompanied by a motion for leave to serve process outside of the 120 day period.

(Doc. # 8 at 1-2). Plaintiff did not file any response to the Order to Show Cause. The Court dismissed the action without prejudice as to Defendants Mylor Financial, Stinson Financial Group, Inc., and Laura Steffen.

## ANALYSIS

**I. Plaintiff's Motion for Leave to Amend**

**A. Defendant Bank of America**

Rule 15 of the Federal Rules of Civil Procedure mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). "[T]here exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* at 1052.

In light of the presumption in favor of granting leave to amend and Bank of America's lack of opposition to Plaintiffs' motion, the Court finds that Plaintiff is entitled to leave to amend as to Bank of America.

**B. Defendants Mylor Financial, Stinson Financial Group, Inc., and Laura Steffen**

Plaintiff's proposed FAC names Mylor Financial, Stinson Financial Group, Inc., and

Laura Steffen as Defendants. *See* Doc. # 6-2 at 1-2. Plaintiff has not offered any evidence of good cause for failure to serve Defendants Mylor Financial, Stinson Financial Group, Inc., or Laura Steffen within the 120-day period allowed pursuant to Federal Rule of Civil Procedure 4(m) as required by the Court's Order to Show Cause. (Doc. # 8). Plaintiff may not amend her complaint to name Defendants Mylor Financial, Stinson Financial Group, Inc., or Laura Steffen as Defendants.

**II.    Bank of America's Motion to Dismiss**

An amended complaint supersedes the original complaint in its entirety. *See London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981). Because the Court has granted in part Plaintiff's Motion for Leave to Amend, Bank fo America's Motion to Dismiss the original Complaint is denied as moot.

## CONCLUSION

IT IS HEREBY ORDERED that:

(1) Plaintiff's Ex Parte Motion for Leave to File First Amended Complaint (Doc. # 6) is **GRANTED** as to Defendant Bank of America and **DENIED** as to Defendants Mylor Financial, Stinson Financial Group, Inc., and Laura Steffen.

(2) No later than **ten (10) days** from the date this Order is filed, Plaintiff shall file the proposed First Amended Complaint which is attached to the Motion to Amend.

(3) Defendant Bank of America's Motion to Dismiss (Doc. # 5) is **DENIED AS MOOT**.

DATED: 7/15/10

WILLIAM Q. HAYES
UNITED STATES DISTRICT JUDGE